PH:JRS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | AFFIDAVIT AND COMPLAINT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT |
| - against - | |
| WAYNE STEPHENSON, | Case No. 20 M 015 |
| Defendant. | (21 U.S.C. §§ 963 and 960(b)(2)(B)(ii)) |

- - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

ANGEL MARTINEZ, being duly sworn, deposes and states that he is a

Special Agent with the United States Department of Homeland Security, Homeland Security

Investigations, duly appointed according to law and acting as such.

On or about June 7, 2019, within the Eastern District of New York and

elsewhere, the defendant WAYNE STEPHENSON, together with others, did knowingly and

intentionally conspire to import into the United States from a place outside thereof 500 grams

or more of a substance containing cocaine, a Schedule II controlled substance, in violation of

Title 21, United States Code, Sections 952(a) and 960(a)(1).

(Title 21, United States Code, Sections 963 and 960(b)(2)(B)(ii))

The source of your deponent's information and the grounds for his belief are

as follows:[1]

---

[1]    Because the purpose of this Complaint is to set forth only those facts
necessary to establish probable cause to arrest, I have not described all the relevant facts and
circumstances of which I am aware.

1.     I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI") and have been one year.   Prior to joining HSI I worked as an officer with United States Customs and Border Protection ("CBP") for ten years.   I have participated in the investigation of numerous cases involving narcotics distribution conspiracies involving airport and airline employees.   I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file; and from reports of other law enforcement officers involved in the investigation.

2.     On or about June 7, 2019, a brown, soft-sided roller bag with a purple bandana tied around the handles (the "Bag") arrived at John F. Kennedy International Airport ("JFK Airport") located in Queens, New York, aboard Caribbean Airlines Flight BW 11 from Sangster Airport located in Montego Bay, Jamaica ("Flight BW 11").   The Bag arrived at the baggage pick-up carousel in Customs, but no one claimed the Bag.

3.     On or about June 8, 2019, CBP officers inspected the Bag.   Upon the inspection of the Bag, CBP officers smelled a chemical odor permeating from the Bag.   CBP officers opened the Bag and discovered three brick-shaped objects, sealed in plastic.   CBP officers probed the objects and discovered a white powdery substance that field-tested positive for cocaine.   Subsequent testing by the United States Drug Enforcement Administration confirmed that the objects in the Bag contained approximately 3 kilograms of cocaine.

4.     On or about June 8, 2019, HSI agents received from CBP officers surveillance footage of the loading of baggage onto a conveyor belt within a belt room in an employees-only, secure area within JFK Airport.   The surveillance footage depicts a

Swissport airport employee ("Co-Conspirator 1") entering the belt room on June 7, 2019, at approximately 10:37 p.m., just after other Swissport employees began loading the checked bags from Flight BW 11 onto the conveyor belt.

5.      The surveillance footage depicts Co-Conspirator 1 speaking on a cellular telephone while entering the belt room.   Seconds after Co-Conspirator 1 arrived, while he was still on the phone and had his back to the conveyor belt, the Bag was unloaded onto the conveyor belt, with the purple bandana facing away from Co-Conspirator 1.

6.      After the Bag passed him by, Co-Conspirator 1 paced alongside the belt, watching the baggage as it was unloaded onto the belt and occasionally lifting up soft-sided luggage and examining it more closely.   Co-Conspirator 1 did not assist unloading any bags, although he did help straighten some crooked luggage blocking the belt, and he often appeared to be in the other employees' way.

7.      As soon as the last baggage from Flight BW 11 was unloaded, Co-Conspirator 1 promptly left while the other employees who had been unloading the luggage stayed behind.

8.      HSI agents obtained toll records for Co-Conspirator 1's cellular telephone.   Co-Conspirator 1's cellular telephone records revealed that at approximately 10:36 p.m. on or about June 7, 2019, Co-Conspirator 1 called the defendant WAYNE STEPHENSON.   The call lasted for approximately two minutes and six seconds.   Co-Conspirator 1 was speaking to the defendant throughout his entry into the belt room and his initial search of the bags being loaded onto the conveyor belt, as described above.

9.      According to CBP records, the defendant had flown to Jamaica in May 2019 and did not return until July 2019.   These travel records indicate that the defendant was

in Jamaica at the time the Bag was sent from Jamaica to New York and while he was on the phone with Co-Conspirator 1.

10. On August 21, 2019, Co-Conspirator 1 was arrested and a cellular telephone was seized from his person incident to arrest. A search of the phone revealed text messages between Co-Conspirator 1 and another individual who worked at JFK Airport stating that the two of them had missed the Bag. Co-Conspirator 1 further stated in the text message exchange that the people who had sent the Bag were now saying that they were going to kill him.

11. HSI agents obtained toll records for the defendant's cell phone and observed an unusual volume of calls between the defendant and another individual ("Co-Conspirator 2") for the period around June 7, 2019. HSI agents also learned that Co-Conspirator 2 had been in Jamaica in May 2019 and had returned to the United States one week before the Bag arrived at JFK Airport on or about June 7, 2019.

12. In or about late December 2019, Co-Conspirator 2 again flew to Jamaica. On or about January 6, 2020, Co-Conspirator 2 returned to the United States through JFK Airport. When Co-Conspirator 2 arrived, CBP and HSI agents performed a non-forensic search of the defendant's phone. On Co-Conspirator-2's phone, agents discovered a picture of the Bag and messages about the Bag between the defendant, Co-Conspirator 1 and Co-Conspirator 2 from June 8 to June 10, 2019. Agents also discovered on Co-Conspirator 2's phone a message from the defendant on June 7, 2019, from soon after Co-Conspirator 1 missed the Bag on the conveyor belt, telling the defendant that there was a "big problem."

13.  Agents detained Co-Conspirator 2 and advised him of his rights pursuant to <u>Miranda v. Arizona</u>, which he waived.  Co-Conspirator 2 admitted that he knew the defendant and knew that the defendant was a narcotics trafficker involved in cocaine and marijuana.  Co-Conspirator 2 further admitted that the defendant had told Co-Conspirator 2 that he had sent a bag to the United States from Jamaica on or about June 7, 2019.

14.  Co-Conspirator 2 claimed to the agents that the defendant had told him that Co-Conspirator 1 had taken the bag and would not give it to the defendant.  According to Co-Conspirator 2, the defendant asked Co-Conspirator 2 to call Co-Conspirator 1 to tell him that the Bag belonged to Co-Conspirator 2 and to threaten Co-Conspirator 1.  Co-Conspirator 2 admitted that he called Co-Conspirator 1 approximately 10 times, told Co-Conspirator 1 that the Bag belonged to him and threatened Co-Conspirator 1.

## REQUEST FOR SEALING

15.  It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and arrest warrant, as disclosure would give the target of the investigation an opportunity to destroy evidence, harm or threaten witnesses, change patterns of behavior, notify confederates and flee from or evade prosecution and therefore have a significant and

negative impact on the continuing investigation and may severely jeopardize its

effectiveness.

WHEREFORE, your deponent respectfully requests an arrest warrant for the

defendant WAYNE STEPHENSON so that he may be dealt with according to law.

_____
ANGEL MARTINEZ
Special Agent, United States Department of
Homeland Security, Homeland Security
Investigations

Sworn to before me this
6th day of January, 2020

_____   _____
THE HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK